UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES CLIFFORD PARHAM, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:11-cv-00435-DBH |
| FRAN PELLETIER, et al., | ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

James Clifford Parham claims Francis G. Pelletier, Barbara Lelli, and Molly Curren Rowles conspired to have him illegally evicted from a rented room in an Old Orchard Beach motel owned by Pelletier, because the only method of payment available to Parham was a general assistance voucher. Barbara Lelli is an investigator with the Maine Human Rights Commission and Molly Curren Rowles is an attorney with Pine Tree Legal Assistance. The two women became involved in the eviction imbroglio when Parham consulted them after Pelletier's refusal to accept Parham's general assistance voucher in payment for his room rental. Each of the defendants has filed a motion to dismiss (Doc. Nos. 17, 18, & 19) and the three separate motions have been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b). I recommend that the Court grant the motions.

**MATERIAL ALLEGATIONS**

On October 1, 2011, Plaintiff James Parham checked into the Sea Cliff House Motel in Unit #28 with the intention of remaining a guest until May 1, 2012. (Am. Compl., Part IV, ¶ 1, Doc. No. 6.) On October 13, 2011, Parham applied for general assistance and received a voucher in the amount of $138.00. (Id. ¶ 2.) On October 15, 2011, the Sea Cliff House Motel refused to accept Parham's voucher. (Id. ¶ 3.) Parham paid his rent by debit card. (Id. ¶ 3.) On

October 22, 2011, the Sea Cliff House Motel again refused to accept Parham's voucher. (Id. ¶ 4.) Parham again paid his rent with his debit card. (Id. ¶ 4.) On October 25, 2011, Parham filed a discrimination complaint with the Maine Human Rights Commission against the Sea Cliff House Motel. (Id. ¶ 5.) The Commission complaint alleged discrimination based on race, color, disability, and public assistance. (Am. Compl., Ex. F., Doc. No. 6-6.) The matter was assigned to Chief Investigator, Barbara Lelli. (Am. Compl. ¶ 5.)

Parham sought legal advice from Pine Tree Legal Assistance on October 26, 2011. (Id. ¶ 6.) Pine Tree Legal Assistance advised Parham that under the Maine Human Rights Act, motels in Old Orchard Beach are considered places of public accommodation and must accept general assistance vouchers. (Id. ¶ 7.) On October 27, 2011, Parham met with Attorney Molly Curren Rowles of Pine Tree Legal Assistance and the paralegal that Parham had previously met. (Id. ¶ 9.) Rowles advised Parham that, in her opinion, the written agreement he had signed was a lease. (Id. ¶ 10.) Parham signed a document authorizing Ms. Rowles to seek injunctive relief in the form of a temporary restraining order to prevent a possible eviction by the Sea Cliff House Motel. (Id. ¶ 12.) Rowles explained to Parham that he could possibly lose a lawsuit, but Parham made it clear to her that he wanted to fight any eviction attempt. (Id. ¶¶ 13-16.)

On October 29, 2011, the Sea Cliff House Motel refused to accept Parham's voucher for the third consecutive week. (Id. ¶ 17.) Parham made no further attempts to pay his rent. (Id. ¶ 17.) On November 1, 2011, Francis G. Pelletier (the owner of the Sea Cliff House Motel) caused Parham to be served with a letter dated October 31, 2011, terminating Parham's stay as a guest at the Sea Cliff House Motel effective November 5, 2011. (Id. ¶¶ 18-19.) The letter was copied to the Maine Human Rights Commission. (Id. ¶18.) The letter advised Parham that he must be

checked out and off the premises by 11:00 a.m. on Saturday, November 5, 2011. (Id. ¶ 19.) Parham alleges that Barbara Lelli encouraged this act on Pelletier's part. (Id. ¶ 18.)

On or about November 1, 2011, Parham received a telephone call from Barbara Lelli in connection with her investigation of Parham's pending discrimination charge. (Id. ¶ 20.) Ms. Lelli asked Parham who was advising him at Pine Tree Legal Assistance and Parham told her Molly Curren Rowles. (Id. ¶ 20.) On November 3, 2011, Parham met with Attorney Rowles of Pine Tree Legal Assistance. (Id. ¶ 23.) Parham had mailed Rowles the "eviction" papers on November 1 and she had received them on November 3, 3011. (Id. ¶ 22.) Ms. Rowles asked Parham what he was going to do regarding the "eviction." (Id. ¶¶ 23-32.) Parham responded that he was undecided and asked Ms. Rowles to advise him. (Id. ¶¶ 31-32.) Ms. Rowles told Parham that she was not representing him on the human rights matter and that he needed to call Barbara Lelli. (Id. ¶¶ 33-35.) Rowles explained to Parham that if he did leave voluntarily it would not affect his discrimination complaint in any way. (Id. ¶ 23.) Parham expressed to Rowles that he was afraid of a physical assault or arrest if he resisted the attempted eviction by Pelletier. (Id. ¶ 24.)

On November 7, 2011, Parham returned to the Sea Cliff House Motel to find that a lock had been placed on his door. (Id. ¶ 36.) On November 7, 2011, Barbara Lelli requested Parham answer six questions relating to the investigation of the discrimination charge pending before the Maine Human Rights Commission. (Id. ¶ 37; Attachment H.) In the November 7, 2011, letter Barbara Lelli did not address Francis Pelletier's "eviction" letter. (Id. ¶ 38; Attachment H.) Also, on November 7, 2011, Ms. Rowles mailed a letter to Parham informing him that she was closing his file. (Id. ¶ 39, Attachment I.) Parham alleges that he is currently homeless and that his personal property remains locked in Unit #28 at the Sea Cliff House Motel. (Id. ¶ 40.)

3

Parham's complaint alleges a conspiracy among the three defendants to effectuate an illegal eviction without due process of law in violation of the Fourteenth Amendment to the United States Constitution. (Am. Compl., Part III.) Although the attachments reveal that Parham is African American, the complaint does not reference an equal protection violation or a violation of 42 U.S.C. § 1985 or § 1981. Nor does Parham mention any form of racial discrimination in the body of the amended complaint. Parham has neither responded to any of the motions nor offered any further clarification of his claims. A plaintiff named James Clifford Parham with the same post office box address and telephone as this plaintiff is pursuing unrelated litigation in Parham v. Saco River Realty, LLC, 2:11-cv-00480-NT. In the second case Parham has been an active litigant, most recently filing an objection to a discovery order on March 9, 2012. Parham has been cautioned in that unrelated case to familiarize himself with the Local Rules. Given this history, it is certainly reasonable to conclude that Parham has decided to waive any objection to these three motions and abandon this litigation.

## DISCUSSION

When a district court has promulgated a local rule, such as the District of Maine's Local Rule 7(b), which requires a party to file a written objection to any motion, it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion. Nepsk, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002); ITI Holdings, Inc.v. Odom, 468 F.3d 17 (1st Cir. 2006) (applying the holding of Nepsk to Rule 12(b)(6) motions). The only limitation on this discretion is that an order dismissing the case must "not clearly offend equity" or be inconsistent with the Federal Rules of Civil Procedure. (Id.)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

With these precepts in mind I will briefly discuss the merits of the three motions.

***Pelletier's Motion to Dismiss (Doc. No. 17)***

Section 1983 enables a person to pursue a civil action to vindicate federal constitutional and federal statutory rights when he or she has suffered a deprivation of those rights at the hands of a state actor. 42 U.S.C. § 1983. "It is only in rare circumstances that private parties can be viewed as state actors." Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005). The plaintiff bears the burden of proving that a private entity was engaged in state action or acted under color of state law for purposes of section 1983. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). The state action requirement has two components:

> First, the deprivation must be shown to have been caused by the exercise of some right or privilege created by the state, or by a rule of conduct imposed by the state, or by a person for whom the state is responsible.
>
> Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

Alexis v. McDonald's Rest., 67 F.3d 341, 351 (1st Cir. 1995) (citation omitted).

5

Without belaboring the issue of whether the "eviction" of Parham was legal or not under Maine law, it is apparent that Francis Pelletier is a private person who owns and operates a motel in Old Orchard Beach and cannot be held liable for a due process violation under the United States Constitution. A state agency was not even involved in the dispute until Parham went to the Maine Human Rights Commission, so Pelletier can hardly be said to have been acting on behalf of the State of Maine when he refused to accept the payment vouchers. Defendant's motion is grounded on this basic premise and I recommend that the Court grant the motion. (Pelletier Mot. to Dismiss at 2-4, Doc. No. 17.)

*Lelli's Motion to Dismiss (Doc. No. 18)*

Lelli is admittedly a state official, but Parham's claim for individual[1] monetary damages against her fares no better than does his claim against Pelletier. Parham's primary complaints against Lelli appear to be related to the manner in which she conducted her investigation of his complaint concerning discrimination by Pelletier. However, the federal right he has identified as being infringed is a due process violation arising from Pelletier's "eviction." Parham does not have, and does not claim, a federal constitutional right to have the Maine Human Rights Commission conduct its investigation in a particular fashion. Absent a successful conspiracy allegation, Lelli's conduct in connection with her investigation does not implicate any federally protected right. Reasoning by analogy, the involvement of jail officials in reviewing and issuing decisions on inmate appeals within the grievance system does not provide a basis for imposing constitutional liability on them as policy makers. See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

---

[1] Although Defendant Lelli explains in her memorandum why an official capacity claim against her fails, I do not read the complaint as an official capacity claim. (Lelli Mot. to Dismiss at 5.)

6

Similarly, Lelli cannot be held liable for a constitutional violation simply because she conducted an investigation under the auspices of the Maine Human Rights Act.

*Rowles's Motion to Dismiss (Doc. No. 19)*

Rowles, like Pelletier, is a private person. She is employed as an attorney by Pine Tree Legal Assistance. (Rowles's Mot. to Dismiss at 4.) Even if Pine Tree Legal Assistance is funded in part by state money, a fact not pled, a private attorney who receives state funds does not become a state actor for purposes of 42 U.S.C. § 1983. It is well-established that private attorneys are not state actors, even if they are serving a private citizen by court appointment. Polk County v. Dodson, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); Malachowski v. Keene, 787 F.2d 704, 710 (1st Cir.) ("A private attorney who is sued for actions allegedly taken as court-appointed counsel does not act under color of state law."), cert. denied, 479 U.S. 828 (1986).

*The Conspiracy Allegations*

Parham apparently recognizes that the only way these three defendants can be sued in federal court on a complaint alleging a due process violation under the United States Constitution is if he pleads that they conspired together to violate his civil rights. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Thus, Parham has asserted, in conclusory language, that the defendants "conspired, planned, and confederated to have [him] illegally evicted." (Am. Compl., Part III.) The allegations are unsupported by specific facts, the only connection being that Pelletier responded to Parham's complaint to the Maine Human Rights Commission and Lelli apparently read his response and then asked Parham for the name of the attorney at Pine

Tree Legal Assistance who was representing him. There is no allegation of any connection at all between Rowles and Pelletier.

According to the First Circuit Court of Appeals:

> A civil rights conspiracy as commonly defined is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages.

Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988) (internal quotation marks omitted). Where the Plaintiff alleges a conspiracy, the Complaint must allege "with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Kadar Corp. v. Milbury, 549 F.2d 230, 233 (1st Cir. 1977) (quoting Powell v. Workmen's Comp. Bd., 327 F.2d 131, 137 (2d Cir. 1964)); see also Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) (noting that although "pro se complaints are to be read generously, allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements.") (internal citation omitted). In the post Ashcroft v. Iqbal world of pleading requirements, it is incumbent upon Parham to plead factual content that would give rise to plausible inferences that a conspiracy occurred among these three seemingly disconnected individuals. His complaint utterly fails to include that sort of factual content.

## CONCLUSION

Based upon the foregoing, I recommend that the Court grant all three motions to dismiss.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being

8

served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

| | |
|---|---|
| March 21, 2012 | /s/ Margaret J. Kravchuk |
| | U.S. Magistrate Judge |